COPY

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   MARK E. MCKEEN (SB# 130950) markmckeen@paulhastings.com
2  T. LEE KISSMAN (SB# 233434) leekissman@paulhastings.com
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5
   Attorneys for Plaintiff
6  BIOMARIN PHARMACEUTICAL, INC.    E-filing

ORIGINAL FILED
JUN - 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

JCS

| BIOMARIN PHARMACEUTICAL, INC. | CASE NO. C 07-2855 |
|---|---|
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| vs. | |
| SEYER PHARMATEC, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

CASE NO. _____                COMPLAINT FOR DECLARATORY RELIEF

## SUMMARY OF THE ACTION

Plaintiff BioMarin Pharmaceutical, Inc. ("BioMarin") seeks declaratory relief concerning its rights and obligations with respect to Seyer Pharmatec, Inc. ("Seyer"). An actual controversy has now arisen and presently exists between BioMarin and Seyer. On the one hand, Seyer claims that it is entitled to certain contractual damages against BioMarin and injunctive relief. On the other hand, BioMarin claims that Seyer is not entitled to damages or injunctive relief because there is no contract or other legal relationship between the parties. Since an actual controversy has arisen between the parties pursuant to 28 U.S.C. § 2201 *et seq.*, BioMarin files this action for declaratory relief in order to determine its rights and obligations with respect to Seyer.

## PARTIES

1.  Plaintiff BioMarin is a Delaware corporation with its principal place of business in Novato, County of Marin, California.

2.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Seyer is a Puerto Rico corporation with its principal place of business in Miami, Florida and/or Caguas, Puerto Rico. Plaintiff is informed and believes, and on that basis alleges, that Seyer is registered with the Florida Division of Corporations and is authorized to do business in Florida. In its report to the Florida Division of Corporations, Seyer disclosed Florida addresses for certain directors and executives of Seyer.

## JURISDICTION

3.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and 1332(d) in that this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

4.  Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to this claim occurred in this District. Additionally, defendant transacted business in this District during the relevant period. For

CASE NO. _____

- 1 -

COMPLAINT FOR DECLARATORY RELIEF

example, Seyer's Executive Vice President, Michel Badía met with BioMarin's representatives at BioMarin's headquarters in Novato, California regarding the contractual issues that are now in dispute. The actions, damages and other facts forming the basis of plaintiff's claims occurred in substantial part in Marin County, California, which is within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil Local Rule 3-5(b) and 3-2(b)-(d), assignment of this matter to the San Francisco or Oakland Division is proper because this action arises in Marin County, in that a substantial part of the events or omissions which give rise to the claims occurred in Marin County, California.

## FACTS

6. BioMarin researches, develops, and commercializes innovative biopharmaceutical products and therapies to improve the lives of people with life threatening diseases or serious medical conditions. BioMarin's product portfolio formerly included a drug product line called Orapred. Physicians prescribe Orapred primarily to treat children with severe asthma. Orapred employs a proprietary technology that masks the bitter taste of prednisolone sodium phosphate, making it easier for children to take and improving compliance with physician's orders. The Orapred product line includes a prednisolone sodium phosphate oral solution, commonly referred to as "Orapred Liquid."

7. In April 2004, BioMarin licensed the Orapred product line from Ascent Pediatrics, a wholly-owned subsidiary of Medicis Pharmaceutical Corporation ("Medicis"). After BioMarin obtained the Orapred license from Medicis, BioMarin learned of a Marketing Agreement between Medicis and Seyer (the "Marketing Agreement"). The Marketing Agreement was solely between Medicis and Seyer, and BioMarin never assumed any of Medicis's obligations under the Marketing Agreement. Upon discovering the Marketing Agreement, BioMarin initiated discussions with Seyer about creating an entirely new agreement for the marketing of Orapred Liquid in Puerto Rico. As a show of good faith during its negotiations for a

potential new contract with Seyer, BioMarin voluntarily paid Seyer the commissions that Medicis would have owed Seyer pursuant to the Marketing Agreement.

8. In late 2004 and early 2005, the negotiations between BioMarin and Seyer regarding a new contract (including face-to-face meetings at BioMarin's Novato, California headquarters) broke down for several reasons. Among other things, BioMarin had to suspend all shipments of Orapred Liquid into Puerto Rico due to certain changes to shipping taxes that resulted in BioMarin's loss of third-party logistical support for shipments to Puerto Rico. In addition, BioMarin and Seyer were unable to agree on sales targets because of the introduction of a generic competitor to Orapred Liquid. After BioMarin and Seyer's negotiations broke down in early 2005, there were no further communications between the parties regarding a contract for the marketing of Orapred.

9. In March 2006, BioMarin licensed the Orapred product line to Alliant Pharmaceuticals, Inc. ("Alliant"), a Delaware corporation with a principal place of business in Alpharetta, Georgia. At the time, the Orapred product line included Orapred Liquid and a new drug, Orapred ODT™, a new formulation of Orapred that utilizes a proprietary orally disintegrating tablet technology to provide a taste-masked, non-refrigerated and easy-to-administer formulation of prednisolone. At the time, a new drug application for Orapred ODT had been filed and was under review by the FDA.

10. In June 2006, the FDA granted marketing approval for Orapred ODT. BioMarin published a press release announcing the FDA's approval of Orapred ODT.

11. On September 21, 2006, nearly two years after the parties' contract negotiations broke down, Seyer's counsel sent a letter to BioMarin's Chief Executive Officer, Mr. Jean-Jacques Bienaime, at BioMarin's Novato headquarters, wherein Seyer demanded damages from BioMarin. Seyer now claims that, after BioMarin obtained the license for Orapred, Seyer and BioMarin agreed that Seyer would continue as the exclusive representative of Orapred (including Orapred ODT) in Puerto Rico. Seyer contends that, pursuant to the Marketing Agreement between Medicis and Seyer and/or some other purported agreement with BioMarin,

Seyer has continued to market Orapred in Puerto Rico. Seyer claims that BioMarin owes Seyer sales compensation going back as far as December 2004. In addition, Seyer contends that Alliant (BioMarin's marketing partner for Orapred) has now refused to extend to Seyer the right to exclusive representation of Orapred in Puerto Rico. Seyer asserts that BioMarin owes Seyer damages for Alliant's termination of Seyer's purported right to exclusive representation. Finally, Seyer claims that it is entitled to enjoin BioMarin from appointing other Orapred representatives in Puerto Rico and from selling directly in Puerto Rico.

12. On September 27, 2006, BioMarin responded to Seyer's counsel via letter and denied any duties, contractual or otherwise, to Seyer. BioMarin contends that it did not assume any obligations under the Marketing Agreement between Medicis and Seyer. Further, it is impossible for Seyer to have any exclusive rights as to Orapred ODT under the Marketing Agreement because Orapred ODT was not approved by the FDA until after Seyer entered into the Marketing Agreement. BioMarin also maintains that there is no contractual relationship between BioMarin and Seyer. Accordingly, BioMarin contends that Seyer is not entitled to any damages against BioMarin or an injunction.

13. On May 3 and May 22, 2007, Seyer's Executive Vice Present, Michel Badía, sent e-mails (and attachments) to BioMarin's representatives located in Novato, California, purporting to address a resolution and/or negotiation of the parties' "current impasse regarding the marketing of Orapred in Puerto Rico." In these communications, Seyer estimates that its damages against BioMarin exceed $390,000.00, which BioMarin denies.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 *et seq.*)**

14. BioMarin realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this complaint.

15. An actual controversy has arisen and presently exists between BioMarin and Seyer. Seyer claims that it has an exclusive representation agreement with BioMarin and/or that BioMarin as assumed obligations under the Marketing Agreement between Medicis and Seyer.

Seyer claims BioMarin breached one or both of these purported agreements and that Seyer is entitled to damages from BioMarin in the form of certain sales commissions and other damages suffered for the impairment and termination of Seyer's purported exclusive-representation status in Puerto Rico. Seyer also claims that it is entitled to enjoin BioMarin from appointing other representatives to market Orapred in Puerto Rico and from selling Orapred directly in Puerto Rico.

16. BioMarin contends that (1) there is no contract or other legal relationship between BioMarin and Seyer, (2) BioMarin did not assume any obligations under the Marketing Agreement between Medicis and Seyer, (3) BioMarin does not owe any damages to Seyer, and (4) Seyer is not entitled to any injunctive relief with respect to BioMarin.

17. BioMarin desires a judicial determination of its rights and other legal relations and/or obligations with respect to Seyer. A judicial declaration is necessary and appropriate at this time under the circumstances in order that BioMarin may ascertain its rights and obligations as set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, BioMarin prays for judgment and relief as follows:

1. For a judicial order declaring that, pursuant to 28 U.S.C. § 2201 *et seq.*:
    a. No contractual or other legal relationship exists between BioMarin and Seyer;
    b. BioMarin is not an assignee of the Marketing Agreement between Medicis and Seyer;
    c. BioMarin did not assume any legal obligations under the Marketing Agreement between Medicis and Seyer;
    d. BioMarin does not owe sales commissions or any other damages to Seyer pursuant to the Marketing Agreement between Medicis and Seyer;
    e. BioMarin does not owe sales commissions or any other damages to Seyer under any other purported agreement between BioMarin and Seyer;

- 5 -

CASE NO. _____                                    COMPLAINT FOR DECLARATORY RELIEF

f.  BioMarin does not owe sales commissions or any other damages to Seyer for the purported impairment and/or termination of Seyer's purported exclusive-representation status in Puerto Rico; and

g.  Seyer is not entitled to an injunction preventing BioMarin from appointing other representatives of Orapred or selling directly in Puerto Rico.

2.  For costs of suit herein; and

3.  For such other and further relief as this Court deems appropriate.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARK E. MCKEEN
T. LEE KISSMAN

By: *[signature]*
MARK E. MCKEEN

Attorneys for Plaintiff
BIOMARIN PHARMACEUTICAL, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff BIOMARIN PHARMACEUTICAL, INC., a Delaware corporation, hereby requests a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARK E. MCKEEN
T. LEE KISSMAN

By: /s/ Mark E. McKeen
MARK E. MCKEEN

Attorneys for Plaintiff
BIOMARIN PHARMACEUTICAL, INC.

# CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no relevant interest to report.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARK E. MCKEEN
T. LEE KISSMAN

By: _____
MARK E. MCKEEN

Attorneys for Plaintiff
BIOMARIN PHARMACEUTICAL, INC.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of the most recent financial filings, Fidelity Management and Resources Company beneficially owns 11% of BIOMARIN PHARMACEUTICAL, INC.'s outstanding stock through various mutual funds.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARK E. MCKEEN
T. LEE KISSMAN

By: _____
MARK E. MCKEEN

Attorneys for Plaintiff
BIOMARIN PHARMACEUTICAL, INC.

LEGAL_US_W # 56358441.3

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of the most recent financial filings, Fidelity Management and Resources Company beneficially owns 11% of BIOMARIN PHARMACEUTICAL, INC.'s outstanding stock through various mutual funds.

DATED: June 1, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARK E. MCKEEN
T. LEE KISSMAN

By: *(signature)*
MARK E. MCKEEN

Attorneys for Plaintiff
BIOMARIN PHARMACEUTICAL, INC.

LEGAL_US_W # 56358441.3